Walter J. HICKEL and Edward A. Merdes, Appellants,

v.

Lowell THOMAS, Jr., the Lieutenant Governor of the State of Alaska, Appellee.

No. 4251.

Supreme Court of Alaska.

Oct. 20, 1978.

Edgar Paul Boyko, Edgar Paul Boyko & Associates, Anchorage, and David Young, Los Angeles, for Walter J. Hickel.

Henry J. Camarot, Merdes, Schaible, Staley & DeLisio, Anchorage, for Edward A. Merdes.

Avrum M. Gross, Atty. Gen., Richard M. Burnham, Asst. Atty. Gen., Juneau, and Ivan R. Lawner, Asst. Atty. Gen., Anchorage, for Lowell Thomas, Jr.

Robert H. Wagstaff, Wagstaff & Middleton, Anchorage, for Jay Hammond.

Douglas Pope, Anchorage, for Chancy Croft.

ORDER

Before RABINOWITZ, Chief Justice, CONNOR, BOOCHEVER and BURKE, Justices, and DIMOND, Senior Justice.

The matter having come before the court upon the "Report of the Special Master" and the objections thereto of the respective parties and the court being advised in the premises;

IT IS HEREBY ORDERED.

1. In regard to the noncandidate appellees' objections to the Special Master's specific ballot determinations the following rulings are made:

(a) Completely filled in boxes: The objection is sustained. Boxes marked in such manner are to be counted.

(b) Boxes completely filled in over prior mark: The objection is sustained. Ballots marked in such manner are to be counted.

(c) Punch card ballots punched either immediately above the first candidate in the list or immediately below the last candidate: The objection is overruled. Ballots punched in such a manner are not to be counted.

(d) Punch card ballots marked with a pen or pencil rather than being punched: The objection is sustained. Punch card ballots marked in pen or pencil are to be counted.

(e) Punch card ballots marked in pen or pencil and then punched in the same square: The objection is sustained. Punch card ballots marked and then punched are to be counted.

(f) Punch card ballots punched both immediately above the first square in a list of candidates and in the first square of the list of candidates: The objection is sustained. Ballots punched in such circumstances are to be counted.

2. In regard to the response of Chancy Croft to the Special Master's report the following rulings are made:

(a) The question of the Prudhoe Bay ballots has been determined by this court's memorandum and order in the election contest case;

(b) The question of the 249 ballots has been determined by this court's memorandum and order in the election contest case;

(c) The question of counting ballots with particular types of markings is governed by paragraph number 1 of this order and any other applicable portions of this order and the court's memorandum and order.

3. In regard to the response of appellants Hickel and Merdes to the report of the Special Master the following rulings are made:

(a) All exceptions raised in paragraphs numbered 1 through 29 of appellants' response (with the exception of paragraphs numbered 11 and 19) are overruled;

(b) As to the exceptions contained in paragraphs numbered 11 and 19 the question of counting ballots with particular types of markings is governed by paragraph number 1 of this order and by any other applicable portion of this order and the court's memorandum and order.

4. In regard to the objections of Governor Hammond to the Special Master's report the following rulings are made:

(a) The objections concerning the counting of ballots with particular types of markings are governed by the rulings made in paragraph number 1 of this order and any other applicable portion of this order as well as the court's memorandum and order.

5. With the exceptions previously noted in the preceding paragraphs of this order and in the memorandum and order the findings and recommendations contained in the Special Master's report are affirmed and adopted.

6. The matter is remanded to the Lieutenant Governor to complete the recount in accordance with the provisions of this order and this court's memorandum and order entered heretofore in the election contest case. More specifically the Lieutenant Governor is to count, in the manner provided by law, the 249 ballots and to revise his recount determinations of ballot markings in accordance with paragraph 1 of this order.[1] Upon completion of the foregoing procedures the Lieutenant Governor is to forthwith file and publish an amended certification of recount.

MATTHEWS, J., not participating.

---

1. The 249 ballots are discussed in detail in this court's memorandum and order heretofore entered in the election contest case.